PHILIP G. MAY, ESQ. (AZ Bar No. 009764)
JENNIFER L. SELLERS, ESQ. (AZ Bar No. 027448)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 N. Central Avenue, 22nd Floor
Phoenix, AZ  85004-0608
Telephone:  (602)252-1900
Facsimile:   (602)252-1114
Email:  pmay@cmpbglaw.com
        jsellers@cmpbglaw.com

Attorneys for Plaintiff

## IN THE UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM M. WOLF, M.D., a married man;<br><br>Plaintiff,<br><br>vs.<br><br>ARIZONA MEDICAL CLINIC, LTD. DISABILITY PLAN; ABC LEGAL ENTITIES I-X; BLACK AND WHITE PARTNERSHIPS I-X and JOHN AND JANE DOES I-X.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff William M. Wolf, M.D. ("Dr. Wolf"), by and through undersigned counsel, for his cause of action against Defendants Arizona Medical Clinic, Ltd. Disability Plan (the "Plan"), and Defendants ABC Legal Entities 1-X; Black and White Partnerships I-X and John and Jane Doe (collectively the "Fictitious Defendants") alleges and pleads, as follows:

### BACKGROUND

1.  This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2.  Through this action, Dr. Wolf seeks to recover his long term disability benefits due under the Plan, to enforce rights under the terms of the Plan, and to clarify rights to future benefits under the Plan.

**JURISDICTION AND VENUE**

3. Paragraphs 1-2 are realleged and incorporated by reference as if fully set forth herein.

4. Dr. Wolf brings this action pursuant to 29 U.S.C. §§ 1132 (a)(1)(B) and (g). Subject matter jurisdiction is granted to this Court pursuant to 20 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5. Venue is proper pursuant to U.S.C. § 1132(e)(2) because the Plan can be found within the District of Arizona. The Plan can be found in the District of Arizona because: (1) The Plan received premiums from Dr. Wolf, an Arizona resident; (2) The Plan paid benefits to Dr. Wolf, an Arizona resident; and (3) Dr. Wolf performs work for the Plan Sponsor, Banner Arizona Medical Clinic, Ltd., formerly known as the Arizona Medical Clinic, Ltd., an Arizona corporation (the "Plan Sponsor").

6. The summary plan description (the "SPD") lists the name of the Plan as "Long Term Disability Insurance." However, according to the 2001 I.R.S. Form 5500 for the Plan posted on www.freeerisa.com, the name of the Plan is "Arizona Medical Clinic, Ltd. Disability Plan." As a result, Arizona Medical Clinic, Ltd. Disability Plan is listed as the named Defendant in this Action. The Fictitious Defendants have been named in case the Plan's name currently is not Arizona Medical Clinic, Ltd. Disability Plan. Dr. Wolf reserves the right to amend the caption to correct the name of the Plan if the Plan's name is no longer the Arizona Medical Clinic, Ltd. Disability Plan. Attached as <u>Exhibit A</u> is a true and correct copy of the 2001 I.R.S. Form 5500 for the Plan posted on www.freeerisa.com.

**CLAIMS UNDER 29 U.S.C. § 1132**

7. Paragraph 1-5 are realleged and incorporated by reference as if fully set forth herein.

8. Dr. Wolf is a married man and is a resident Pima County, Arizona.

9. Dr. Wolf is a participant in the Plan.

10. The Plan Sponsor also serves as the plan administrator.

11. Standard Insurance Company ("Standard") provides coverage under the Plan.

12. On March 27, 2002, Dr. Wolf received correspondence from Standard stating that his claim for long term disability benefits was approved (the "Approval Letter"). In the Approval Letter, Dr. Wolf received a benefit check for the period from February 3, 2002 to April 2, 2002.

13. Prior to becoming disabled, Dr. Wolf was employed as a general and vascular surgeon by the Plan Sponsor.

14. Dr. Wolf received long term disability benefits for the period of February 3, 2002 to May 2, 2009.

15. In correspondence dated July 1, 2009, Standard informed Dr. Wolf that it closed his long term disability claim effective May 2, 2009 (the "Closing Letter"). According to the Closing Letter, Standard determined that Dr. Wolf was no longer disabled since he did not meet the Plan's "Own Occupation Definition of Disability."

16. According to the Plan, "Own Occupation Definition of Disability" means: (1) Dr. Wolf must be unable to perform with reasonable continuity the Material Duties of his Own Occupation; and (2) Dr. Wolf must suffer a loss of at least (20%) twenty percent in his Indexed Predisability Earnings when working in his Own Occupation.

17. The Plan defines Dr. Wolf's Own Occupation as any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation Dr. Wolf regularly performed for his employer when his disability began. Further, in determining Dr. Wolf's Own Occupation, Standard is not limited to looking at the way Dr. Wolf performed his job for his employer before his disability began, but may also look at the way the occupation is generally performed in the national economy. Since Dr. Wolf's Own Occupation before his disability began involved rendering professional services and required a medical license, Dr. Wolf's Own Occupation is as broad as the scope of his medical license.

18. Pursuant to the Plan, Material Duties mean the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified

or omitted.

19. Under Arizona law, a medical doctor is a person holding a license to practice medicine. A.R.S. § 32-1401(10). The act of practicing medicine means the diagnosis, the treatment or the correction of or the attempt or the claim to be able to diagnose, treat or correct any and all human diseases, injuries, ailments, infirmities, deformities, physical or mental, real or imaginary, by any means, methods, devices or instrumentalities. A.R.S. § 32-1401(22).

20. Standard closed Dr. Wolf's claim in part because it considered Dr. Wolf's work as the Chief Medical Consultant (the "CMC") for the Arizona Medical Board ("AMB") as falling within his Own Occupation.

21. The AMB is the governmental entity responsible for the licensure and regulation of physicians in Arizona.

22. As the CMC, Dr. Wolf provides administrative services, oversees personnel, and participates in disciplinary proceedings involving quality of care allegations and behavioral misconduct such as substance abuse. As the CMC, Dr. Wolf does not diagnosis or treat patients.

23. As a general and vascular surgeon, Dr. Wolf performed surgeries, provided medical consultations, and monitored the health of patients. As a general and vascular surgeon, Dr. Wolf did diagnosis and treat patients.

24. Dr. Wolf's duties as the CMC are not of the same general character as his Material Duties as a general and vascular surgeon.

25. Dr. Wolf does not diagnosis or treat patients as the CMC. Accordingly, his position as the CMC is outside the scope of his medical license.

26. Because Dr. Wolf's duties as the CMC are not of the same general character as his Material Duties as a general and vascular surgeon and his position as the CMC falls outside the scope of his medical license, Dr. Wolf is not acting within his Own Occupation when performs his job as the CMC.

27. Standard improperly offset Dr. Wolf's disability benefits by his income from

the AMB as a result of its erroneous conclusion that Dr. Wolf's employment with the AMB falls within his Own Occupation.

28. Standard also closed Dr. Wolf's claim in part because of its miscalculation of Dr. Wolf's Indexed Predisability Earnings.

29. When calculating Dr. Wolf's Indexed Predisability Earnings, Standard incorrectly excluded income from vascular studies related to Dr. Wolf's patients that he treated as a general and vascular surgeon for the Plan Sponsor.

30. In correspondence dated November 12, 2009, Dr. Wolf appealed the closure of his claim by Standard.

31. In correspondence dated November 23, 2009, Standard upheld the closure of Dr. Wolf's claim.

32. After Standard upheld the closure of his claim, Dr. Wolf exhausted his administrative remedies under the Plan.

33. Standard has improperly closed Dr. Wolf's claim.

WHEREFORE, Dr. Wolf prays that this Court:

(i) Award him disability benefits due under the Plan from May 2, 2009 to the present;

(ii) Award him disability benefits to account for Standard's miscalculation of his Indexed Predisability Earnings;

(iii) Award him disability benefits to account for Standard's improper offset of his AMB income from his disability benefits;

(iii) Award him prejudgment interest on all disability benefits awarded;

(iv) Immediately Order Standard to reopen his claim;

(v) Order Standard not to close his claim until this sixty-fifth birthday;

(vi) Order Standard not to solicit medical information or inquire about the nature of his practice until his net monthly income falls below $10,000.00 per month for three (3) consecutive months;

(vii) Declare that Dr. Wolf's role as the CMC does not fall within his Own

5

1 | Occupation;

2 |   (viii) Order Standard to pay Dr. Wolf's attorneys' fees, costs and expenses
3 | incurred in this action pursuant to 29 U.S.C. § 1132(g); and
4 |   (ix) Further, order other such relief as the Court may deem just and appropriate.
5 | DATED this 18th day of November, 2010.

**Collins, May, Potenza, Baran & Gillespie, P.C.**

*[signature]*

Philip G. May, Esq.
Jennifer L. Sellers, Esq.
Attorneys for Plaintiff

EXHIBIT A



| Form 5500<br>Department of the Treasury<br>Internal Revenue Service<br>Department of Labor<br>Pension and Welfare Benefits<br>Administration<br>Pension Benefit Guaranty Corporation | **Annual Return/Report of Employee Benefit Plan**<br>This form is required to be filed under sections 104 and 4065 of the Employee Retirement Income Security Act of 1974 (ERISA) and sections 6039D, 6047(e), 6057(b), and 6058(a) of the Internal Revenue Code (the Code).<br>Complete all entries in accordance with the instructions to the Form 5500. | Official Use Only<br>OMB Nos. 1210 - 0110<br>1210 - 0089<br>**2001**<br>This Form is Open to Public Inspection |
|---|---|---|

**Part I.  Annual Report Identification Information**

For the calendar plan year 2001 or fiscal plan year beginning January 01, 2001, and ending December 31, 2001

**A** This return/report is for:
(1) ☐ a multiemployer plan;
(2) ☒ a single-employer plan (other than a multiple-employer plan);
(3) ☐ a multiple-employer plan;
(4) ☐ a DFE (specify)

**B** This return/report is:
(1) ☐ the first return/report filed for the plan;
(2) ☐ the amended return/report;
(3) ☒ the final return/report filed for the plan;
(4) ☐ a short plan year return/report (less than 12 months).

**C** If the plan is a collectively-bargained plan, check here ☐

**D** If you filed for an extension of time to file, check the box and attach a copy of the extension application ☐

**Part II.  Basic Plan Information** – enter all requested information.

**1a** Name of plan

ARIZONA MEDICAL CLINIC, LTD. DISABILITY PLAN

**1b** Three-digit plan number (PN)  503

**1c** Effective date of plan (mo., day, yr.)
January 01, 2000

**2a** Plan sponsor's name and address (employer, if for a single-employer plan) (Address should include room or suite no.)

ARIZONA MEDICAL CLINIC, LTD.
13640 N PLAZA DEL RIO BLVD
PEORIA AZ 85381-4846

**2b** Employer Identification Number (EIN)
86-0277198

**2c** Sponsor's telephone number
623-876-3973

**2d** Business code (see instructions)
621112

**Caution:** A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established. Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, and to the best of my knowledge and belief, it is true, correct, and complete.

| Signature of plan administrator | 07/08/2002<br>Date | MELANIE MORENO<br>Typed or printed name of individual signing as plan administrator |
|---|---|---|
| Signature of employer/plan sponsor/DFE | 07/08/2002<br>Date | MELANIE MORENO<br>Typed or printed name of individual signing as employer, plan sponsor or DFE as applicable |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.  Form **5500** (2001)
v2.3

**3a** Plan administrator's name and address (if same as plan sponsor, enter "Same")

SAME

**3b** Administrator's EIN

**3c** Administrator's telephone number

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name, EIN and the plan number from the last return/report below:

**b** EIN

**c** PN

**a** Sponsor's name

**5** Preparer information (optional)   **a** Name (including firm name, if applicable) and address   **b** EIN

**c** Telephone no.

| | |
|---|---|
| **6** Total number of participants at the beginning of the plan year | **6** 319 |
| **7** Number of participants as of the end of the plan year (welfare plans complete only lines **7a, 7b, 7c,** and **7d**) | |
| **a** Active participants | a |
| **b** Retired or separated participants receiving benefits | b |
| **c** Other retired or separated participants entitled to future benefits | c |
| **d** Subtotal. Add lines **7a, 7b,** and **7c** | d |
| **e** Deceased participants whose beneficiaries are receiving or are entitled to receive benefits | e |
| **f** Total. Add lines **7d** and **7e** | f |
| **g** Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item) | g |
| **h** Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested | h |
| **i** If any participant(s) separated from service with a deferred vested benefit, enter the number of separated participants required to be reported on a Schedule SSA (Form 5500) | i |

**8** Benefits provided under the plan (complete 8a through 8c, as applicable)

**a** ☐ Pension benefits (check this box if the plan provides pension benefits and enter the applicable pension feature codes from the List of Plan Characteristics Codes (printed in the instructions)):

**b** ☒ Welfare benefits (check this box if the plan provides welfare benefits and enter the applicable welfare feature codes from the List of Plan Characteristics Codes (printed in the instructions)):

           4F   4H

**c** ☐ Fringe benefits (check this box if the plan provides fringe benefits)

**9a** Plan funding arrangement (check all that apply)
- (1) ☒ Insurance
- (2) ☐ Section 412(i) insurance contracts
- (3) ☐ Trust
- (4) ☐ General assets of the sponsor

**9b** Plan benefit arrangement (check all that apply)
- (1) ☒ Insurance
- (2) ☐ Section 412(i) insurance contracts
- (3) ☐ Trust
- (4) ☐ General assets of the sponsor

**10** Schedules attached (Check all applicable boxes and, where indicated, enter the number attached. See instructions.)

**a** Pension Benefit Schedules
- (1) ☐ R   (Retirement Plan Information)
- (2) ☐ T   (Qualified Pension Plan Coverage Information)

  If a Schedule T is not attached because the plan is relying on coverage testing information for a prior year, enter the year
- (3) ☐ B   (Actuarial Information)
- (4) ☐ E   (ESOP Annual Information)
- (5) ☐ SSA (Separated Vested participant Information)

**b** Financial Schedules
- (1) ☐ H (Financial Information)
- (2) ☐ I (Financial Information – Small Plan)
- (3) ☒ 2 A (Insurance Information)
- (4) ☐ C (Service Provider Information)
- (5) ☐ D (DFE/Participating Plan Information)
- (6) ☐ G (Financial Transaction Schedules)
- (7) ☐ P (Trust Fiduciary Information)

**c** Fringe Benefit Schedule
- ☐ F (Fringe Benefit Plan Annual Information)